IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–00095–CMA–KMT


EUGENE WIDEMAN,

      Plaintiff,

v.

STATE OF COLORADO,
ROSLIN VIGNA and
DOUGLAS GLOVER,

      Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Kathleen M. Tafoya**
**United States Magistrate Judge**

      This case comes before the court on "Plaintiff's Motion for a Rule 65 Injunction" (Doc. No. 26) filed April 9, 2009.  The plaintiff is requesting an injunction "to keep the [State of Colorado] from illegally confiscating his livelihood."  (Mot. at 1.)  Plaintiff asserts the State of Colorado and the Colorado Attorney General are "currently confiscating over $776.00 a month in child support payments it claims are owed by Mr. Wideman."  (*Id.*)  Plaintiff further asserts that "the document on which the child support is based are illegal because the court that rendered it did not have jurisdiction to do so."  (*Id.*)

      A party seeking preliminary injunction must meet the following four conditions:

      (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the

> threatened injury to the movant outweighs any harm the proposed injunction may
> cause the opposing party; and (4) the injunction would not be contrary to the
> public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999).  A party seeking injunctive relief must

found his effort on specific factual allegations.  *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th

Cir. 1992).  Ultimately, because "a preliminary injunction is an extraordinary remedy," the

moving party must establish that his "right to relief [is] clear and unequivocal."  *Schrier v. Univ.

of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).  It is well established that "[b]ecause a showing

of probable irreparable harm is the single most important prerequisite for the issuance of a

preliminary injunction, the moving party must first demonstrate that such injury is likely before

the other requirements for the issuance of an injunction will be considered."  *Dominion Video

Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citations

omitted).  Finally, if an injunction would "alter the status quo," the factors must "weigh heavily

and compellingly" in the movant's favor in order for an injunction to enter.  *SCFC ILC, Inc. v.

Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991).

    The court finds Plaintiff has wholly failed to allege any facts that can lead this court to

conclude that he will suffer irreparable harm absent an injunction.  Plaintiff also has failed to

address the third and fourth factors set forth in *ACLU v. Johnson*, that the threatened injury to

him outweighs any harm the proposed injunction may cause the opposing party, and that the

injunction would not be contrary to the public interest.

    Finally, Plaintiff must show that he has a substantial likelihood of success on the merits

of his claim.  *Schrier*, 427 F.3d at 1258.  Plaintiff fails to make a strong showing that he would

succeed on the merits of his claims.  The court has reviewed the motions for summary judgment filed by the defendants.  The court also takes note that this is the fourth of five cases Plaintiff has filed in the United States District Court for the District of Colorado pertaining to issues surrounding a judgment entered by the Pueblo County, Colorado, District Court, regarding parenting time and child support, including *Eugene Wideman Jr. v. State of Colorado, Family Enforcement Agency, et al.*, 06-cv-01423-WDM-CBS; *Eugene Wideman, Jr. v. Amelia Garcia, et al.*,06-cv-02363-WYD-MEH; *Eugene Wideman v. Amelia Garcia*, 08-cv-00966-MSK-MJW; and *Eugene Wideman v. State of Colorado, et al.*, 09-cv-00095-CMA-KMT.  These actions all arise out of the identical set of factual underpinnings although each of the cases contains both overlapping and non-overlapping claims.  Two of the cases have been dismissed, and a third has a pending recommendation for dismissal before Judge Arguello.  This court finds Plaintiff is unlikely to succeed on the merits on this case.

Accordingly, as Plaintiff has failed to satisfy the four prerequisites for obtaining an injunction, I respectfully

RECOMMEND that "Plaintiff's Motion for a Rule 65 Injunction" (Doc. No. 26) be DENIED.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 15th day of April, 2009.

4

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge