IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–00095–CMA–KMT

EUGENE WIDEMAN,

      Plaintiff,

v.

STATE OF COLORADO,
ROSLIN VIGNA, and
DOUGLAS GLOVER,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This case involves claims that Defendants violated Plaintiff's First, Fourth, and Fourteenth Amendment rights. This matter is before the court on "Defendant Glover's Motion for Summary Judgment" (Doc. No. 11) and the State of Colorado and Judge Roslin Vigna's "Motion for Summary Judgment" (Doc. No. 18).

### STATEMENT OF THE CASE

This is the fourth of five cases Eugene Wideman has filed in the United States District Court for the District of Colorado pertaining to issues surrounding a judgment entered by the Pueblo County, Colorado, District Court, regarding parenting time and child support, including *Eugene Wideman Jr. v. State of Colorado, Family Enforcement Agency, et al.*, 06-cv-01423-WDM-CBS; *Eugene Wideman, Jr. v. Amelia Garcia, et al.*,06-cv-02363-WYD-MEH; *Eugene*

*Wideman v. State of Colorado,* 08-cv-00764-CMA-KMT; and *Eugene Wideman v. Amelia*

*Garcia*, 08-cv-00966-MSK-MJW.  These actions all arise out of the identical set of factual

underpinnings although each of the cases contains both overlapping and non-overlapping claims.

In case number 06-cv-01423, Magistrate Judge Craig B. Shaffer described the factual

basis for the plaintiff's claims in his Recommendation for dismissal of the case ("06-cv-01423

Rec." [Doc. No. 21, filed January 2, 2007]):

> Wideman's Complaint invokes this court's jurisdiction under 28 U.S.C. § 1331
> and alleges that Defendants violated his First, Sixth, and Fourteenth Amendment
> rights under the U.S. Constitution "by hearing a paternity case under the wrong
> statute" and without jurisdiction.  Wideman further alleges that Defendants
> violated his Fourteenth Amendment rights by "changing his parental rights" and
> that the trial court discriminated against him by its decisions.  Wideman seeks
> money damages in the amount of $10 million "for over eight years, constantly
> being brought in and out of court under false pretenses," that any paternity testing
> be "under the supervision of the Federal Courts," and reinstatement of his
> parental rights.

*Id.* (citations omitted).  District Judge Walker D. Miller accepted Magistrate Judge Shaffer's

Recommendation and dismissed this case without prejudice for lack of jurisdiction based on the

*Rooker-Feldman* doctrine.  ("06-cv-01423 Order" [Doc. No. 24, filed March 8 2007]; "06-cv-

01423 Judgment" [Doc. No. 37, filed November 1, 2007].)

Case number 06-cv-02363 also revolved around certain events in connection

with child care and custody disputes between Plaintiff and Ms. Garcia, the mother of

Plaintiff's child.  Mr. Wideman alleged, *inter alia*, "[t]he trial court has violated the Plaintiff['s]

14th Amendment Rights, because the U.S. Supreme Court has ruled in civil cases where what is

a[t] stake more than money the level of evidence is 'clear and convincing.'" ("06-cv-02363

2

Compl." [Doc. No. 1, filed Nov. 27, 2006].)  Magistrate Judge Hegarty recommended the case against Pueblo County be dismissed without prejudice for lack of jurisdiction.  ("06-cv-02363 Rec." [Doc. No. 13, filed February 7, 2007].)  District Judge Walker D. Miller accepted Magistrate Judge Hegarty's Recommendation and dismissed the case against Pueblo County without prejudice for lack of jurisdiction based on the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine.  ("06-cv-02363 Order" [Doc. No. 16, filed March 19, 2007]; "06-cv-02363 Judgment" [Doc. No. 30, filed November 1, 2007].)  The United States Court of Appeals for the 10th Circuit affirmed the dismissals of case numbers 06-cv-01423 and 06-cv-02363, and the United States Supreme Court denied the petition for certiorari review.  (State's Br. in Supp. of Summ. J. [hereinafter "State's Mem. Br."] [filed April 3, 2009], Exs. C, D.)

In case number 08-cv-00764, Plaintiff's allegations again concerned parenting time and a child support dispute between the Plaintiff, the mother of his child, and various departments of the State of Colorado.  ("08-cv-00764 Compl." [Doc. No. 1, filed April 15, 2008].)  This court recommended the case be dismissed in its entirety with prejudice as barred by *res judicata*, or, in the alternative, that new allegations in the Complaint be dismissed without prejudice as being precluded by the *Rooker-Feldman* doctrine and that the remaining claims be dismissed with prejudice as barred by *res judicata*.  ("08-cv-00764 Rec." [Doc. No. 26, filed February 9, 2009].)  District Judge Christine M. Arguello accepted this court's Recommendation and dismissed claims one and three without prejudice as barred by *res judicata*; claims two and five without prejudice as barred by the *Rooker-Feldman* doctrine; and claim four without prejudice for failure

to state a claim.  ("06-cv-02363 Order" [Doc. No. 16, filed March 19, 2007]; "06-cv-02363 Judgment" [Doc. No. 30, filed November 1, 2007].)

In case number 08-cv-00966, Plaintiff acknowledges that cases 06-cv-02363 and 06-cv-01423 were dismissed and alternatively asserts a violation of his Fourth Amendment Rights related to "Child Abuse and Assault [ ] Criminal offenses, and the Plaintiff was never convicted or charged and there is no pending criminal cases. . . .  Therefore, he is refiling his complaint based on those violation[s] of his 4th Amendment Rights."  ("08-cv-00966 Compl." [Doc. No. 1, filed May 8, 2009].)  On August 28, 2009, District Judge Marcia S. Krieger granted the defendant's motion to dismiss for failure to state a claim.  ("08-cv-00966 Order" [Doc. No. 57].)

In the case at bar, Plaintiff alleges the State of Colorado uses the law to deprive his biracial child of active interaction with his Black parent and that the defendant uses the state statutes on child custody as a tool of racial oppression in violation of the First, Fourth, and Fourteenth Amendments.  (Compl. [Doc. No. 1, filed January 20, 2009].)  Plaintiff has named as defendants the State of Colorado; State District Court Judge Roslin Vigna, who presided over Plaintiff's paternity case; and Douglas Glover, who was assigned as the guardian *ad litem* for Plaintiff's minor child.  (*Id.* at 1–3.)

Prior to initiating the five cases filed in federal court, Plaintiff filed two cases with the Colorado Court of Appeals seeking to overturn a judgment entered by the Pueblo County District Court, Colorado, in Case No. 1997DR01028 dated July 7, 1998, *nunc pro tunc* May 22, 1998, which established parenting time and provided for the support of Plantiff's minor child.  (*See* 08-cv-00764 Rec. at 4.)  The Colorado Court of Appeals affirmed the judgment on both

occasions.  (*Id.*)  The Colorado Supreme Court twice denied Wideman's petitions for certiorari

review.  (*Id.*)  The United States Supreme Court also denied his petition for certiorari.  (*Id.*)

## PROCEDURAL HISTORY

Plaintiff filed his Complaint in this case on January 20, 2009, seeking compensatory

damages.  (Compl. at 7.)  The State of Colorado and Defendant Vigna filed their motion for

summary judgment on April 3, 2009, on the bases that (1) Plaintiff's action is barred by *res*

*judicata* and collateral estoppel; (2) the Eleventh Amendment bars Plaintiff's claims against state

defendants; (3) Judge Vigna is absolutely immune from claims asserted under 28 U.S.C. § 1983;

and (4) Plaintiff's action is barred by the statute of limitations.  (State's Mot. for Summ. J.

[hereinafter "State's Mot."]; State's Mem. Br.)  Plaintiff filed his response on April 22, 2009.

(Resp. to State Defs.' Mot. for Summ. J. [hereinafter "Resp to State's Mot.].)  Defendants filed

their reply on April 27, 2009.  (Reply Br. in Supp. of Summ. J. [hereinafter "State's Reply].)

Defendant Glover filed his motion for summary judgment on March 10, 2009, on the

bases that (1) Defendant Glover is immune from tort claims; (2) Defendant Glover is immune

from claims asserted under 28 U.S.C. § 1983; and (3) Plaintiff has failed to allege a claim of

conspiracy.  (Def. Glover's Mot. for Summ. J. [hereinafter "Glover's Mot."]; Def. Glover's Br.

in Supp. of Mot. for Summ. J. [hereinafter "Glover's Mem."].)  Plaintiff filed his response on

April 2, 2009.  (Resp. to Glover's Mot. for Jury Trial/Dismiss [hereinafter "Resp. to Glover's

Mot.].)  Defendant Glover filed his reply on April 6, 2009.  (Reply Br. in Supp. of Glover's Mot.

for Summ. J. [hereinafter "Glover's Reply].)  These motions are ripe for review and

recommendation.

## STANDARD OF REVIEW

### 1.    Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*.  The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers").  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).  A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").  The plaintiff's *pro se* status does not entitle him to application of different rules.  *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002)

### 2.    *Summary Judgment Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

6

fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c) (2006); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works*, 36 F.3d at 1518 (citing *Celotex*, 477 U.S. at 325). The nonmoving party may not rest solely on the allegations in the pleadings, but must instead designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see* Fed. R. Civ. P. 56(e) (2006). A fact in dispute is "material" if it might affect the outcome of the suit under the governing law; the dispute is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248). The court may consider only admissible evidence when ruling on a summary judgment motion. *See World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). The factual record and reasonable inferences therefrom are viewed in the light most favorable to the party opposing summary judgment. *Byers v. City of Albuquerque*, 150 F.3d 1271, 1274 (10th Cir. 1998) (citing *Concrete Works*, 36 F.3d at 1517).

**ANALYSIS**

**1.      State Defendants' Motion for Summary Judgment**

        **A.      Res Judicata**

The State Defendants assert that this case is barred by the doctrine of *res judicata.* Though sometimes used to refer to the narrower concept of claim preclusion, *res judicata* traditionally subsumes both claim preclusion and issue preclusion, which is sometimes called collateral estoppel.  *See e.g. Carter v. City of Emporia*, 815 F.2d 617, n.2 (10th Cir. 1987).  The Tenth Circuit has stated:

> The doctrines of *res judicata*, or claim preclusion, and collateral estoppel, or issue preclusion, are closely related.  *Res judicata* generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or issues that could have been raised in the earlier action.  A claim is barred by *res judicata* when the prior action involved identical claims and the same parties or their privies.  Collateral estoppel, however, does not always require that the parties be the same.  Instead, collateral estoppel requires an identity of issues raised in the successive proceedings and the determination of these issues by a valid final judgment to which such determination was essential.

*Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995) (internal citations and quotations omitted).  "Both doctrines require that the party or parties against whom the earlier decision is asserted had a full and fair opportunity to litigate the claim or issue."  *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir. 1990) (citing *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481 n.22 (1982)).

Since the underlying case arose in the State of Colorado, Colorado law will determine the limits of *res judicata*.  Under Colorado state law, *res judicata*, "bars relitigation not only of all

8

issues actually decided, but of all issues that might have been decided." *Pomeroy v. Waitkus*, 517, P. 2d 396, 399 (1974) (emphasis added); *State Engineer v. Smith Cattle, Inc.*, 780 P.2d 546, 549 (Colo.,1989). *Res judicata* operates as a bar to a second action on the same claim as one litigated in a prior proceeding where three elements exist: (1) a final judgment on the merits in the prior suit; (2) the prior suit involved identical claims as the claims in the present suit; and (3) the prior suit involved the same parties or their privies.[1]

One of the main policy considerations underlying *res judicata* is the interest in bringing litigation to an end. *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1258 (10th Cir. 1997); *B-S Steel of Kansas, Inc. v. Texas Industries, Inc.*, 327 F. Supp. 2d 1252, 1258 (D. Kan. 2004). The final "judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever." *C.I.R. v. Sunnen*, 333 U.S. 591, 597 (1948). *See Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 375, 378 (1940); *John v. United States,* 77 Fed. Cl. 788, 818 (Fed. Cl. 2007). "By preventing repetitious litigation, application of *res judicata* avoids unnecessary expense and vexation for parties, conserves judicial resources, and encourages reliance on judicial action." *Nwosun*, 124 F.3d at 1258.

---

[1]Federal law has almost identical requirements concerning the application of claim preclusion in the Tenth Circuit and requires: "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999).

### i.      Final Judgment on the Merits

The Pueblo County, Colorado, District Court case regarding parenting time and support of Plaintiff's minor child was decided on its merits.  (*See* 08-cv-00764 Rec. at 9.[2])  Plaintiff filed two cases with the Colorado Court of Appeals seeking to overturn the judgment entered by the Pueblo County District Court.  The Colorado Court of Appeals affirmed the judgment on both occasions.  The Colorado Supreme Court twice denied his petitions for certiorari review.  The United States Supreme Court also denied his petition for certiorari review.  The state court judgment is final.  Therefore, this element of *res judicata* is satisfied.

### ii.      Identity of Parties

Although the parties in this case are not identical to the parties in Plaintiff's state court domestic case that involved only Plaintiff and the mother of his minor child as parties, throughout his state court appeals Plaintiff challenged the practices, policies, and procedures used by the state, county, and state court employees in making decisions related to custody, parenting time, and establishing paternity.  In his state court appeals, Plaintiff asserted claims directed at state district court employees.  A prerequisite to a finding of *res judicata* in this

---

[2]The State Defendants have not attached any of the documents related to the Colorado state court rulings to their motion for summary judgment.  However, a court may, *sua sponte*, take judicial notice of its own records and preceding records if called to the court's attention by the parties.  *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir.1979).  Moreover, federal courts may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.  *Id.* This court cited to the documents in its Recommendation in case number 08-cv-00764, and the defendant in that case attached the state court documents to its motion for summary judgment.  Therefore, this court will take judicial notice of its own records and of the state court records.

action is a finding that the State of Colorado and the parties against whom Mr. Wideman asserted claims in the state court appeals are in privity.  *See Frandsen*, 46 F.3d at 978.

In the Tenth Circuit, the issue of whether privity exists is a question of fact.  *Lowell Staats Mining Co., Inc. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1276 (10th Cir. 1989).  "There is no definition of 'privity' which can be automatically applied to all cases involving the doctrines of *res judicata* and collateral estoppel.  Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same."  *Id.* at 1275.

The court finds the defendants in this case and the state district court employees against whom Mr. Wideman asserted claims in his two state court appeals are in privity.  Under Colorado law, "'[p]rivity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation.'"[3]  *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen*, 296 F.3d 982 (10th Cir. 2002) (quoting *Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo. 1999)).  Here, there clearly is an identity of interest and a working or functional relationship between the district court employees who were employed by the State of Colorado and against whom Plaintiff asserted claims in the state court action and the State of Colorado.  Moreover, Defendant Vigna was the state district court judge who presided over the parenting time and

---

[3]"Federal law also incorporates state law when, as with the concept of privity, the issue is more distinctively substantive."  *Hartsel Springs Ranch*, 296 F.3d at 986 (quoting *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1333 (10th Cir. 1998)).

child support dispute, and many of Plaintiff's claims on appeal were directed at the actions or inactions of Judge Vigna.  Therefore, this element of *res judicata* is satisfied.

### iii.    Identity of Claims

Plaintiff appears to assert only one claim in his Complaint—that he has been the victim of racial discrimination.  However, couched within that one claim are allegations that Defendant Vigna did not have jurisdiction over paternity matters; that the defendants have retaliated against him for requesting that his case be placed in a different court; that he has been "maliciously prosecuted"; that the defendants never held a hearing to make a determination that he is the biological father of the minor child; and that the child's mother has been given preferential treatment.  All of Plaintiff's allegations have been dealt with exhaustively, not only the Colorado state courts but by the United States District Court for the District of Colorado as well.

As to Plaintiff's allegation that he has been racially oppressed, the Colorado Court of Appeals addressed and debunked this issue in the first state court appeal in dealing with Plaintiff's allegation that the trial court judge should have recused herself because she had discriminated against him.  (Case No. 08-cv-00764, Doc. No. 8, Ex. 2 at 8.)  The Colorado Court of Appeals noted that "the record indicates that [Mr. Wideman] repeatedly accused everyone involved in the case of racial discrimination."  (*Id.*)  The Colorado Court of Appeals also rejected this allegation in the second state court appeal, wherein Plaintiff asserted that he had been discriminated against by the district court because he is an African-American male.  (*Id.*, Ex. 3 at 7–8.)

Regarding Plaintiff's allegation that Defendant Vigna, as a Pueblo County District Court judge, "does not have jurisdiction over Paternity Matters " (Compl. at 2, ¶ 2A) and that the State of Colorado has never held a hearing to determine if he is the minor's father (*id.*, ¶ 2B), the Colorado Court of Appeals addressed these claims in Plaintiff's second state court appeal wherein Plaintiff asserted claims that (1) the district court had no jurisdiction over paternity matters because there is no language in the Uniform Dissolution of Marriage Act giving divorce courts jurisdiction over paternity matters and because he and the mother of the child were never married; and (2) the district court violated his rights to due process and equal protection by failing to address paternity before issuing other orders.  (Case No. 08-cv-00764, Doc. No. 8, Ex. 3 at 2–5.)

The Colorado Court of Appeals also addressed Plaintiff's allegation that the minor child's mother had been given preferential treatment in Plaintiff's first state court appeal wherein the plaintiff asserted a claim regarding the trial court's violation of his Fourteenth Amendment rights by subjecting him to a different standard than the mother (Case No. 08-cv-00764, Doc. No. 8, Ex. 2 at 2) and in Plaintiff's second state court appeal wherein the plaintiff asserted a claim that the district court discriminated against him and gave preferential treatment to the mother (*id.*, Ex. 3 at 7).

Plaintiff also alleges he "has faced retaliation by the Defendant and the State" because of his repeated requests to have his paternity matters heard in a court with what he asserts would be proper jurisdiction.  (Compl. at 2, ¶ 2A.)  Plaintiff contends he has been maliciously prosecuted, apparently because the minor child's mother was granted a permanent protective order the keep

him from the minor child. (*Id.* at 2–3.) The court construes these as new allegations which are barred by the *Rooker-Feldman* doctrine as addressed *infra*.

The court finds Plaintiff's claims, other than those deemed "new" herein, satisfy the third element of *res judicata*. The Tenth Circuit has adopted the transactional approach of the Restatement (Second) of Judgments to determine what constitutes a "cause of action" for *res judicata* purposes. *King v. Union Oil Co. of Calif.*, 117 F.3d 443, 445 (10th Cir. 1997). The "transactional" approach provides:

> [A] final judgment extinguishes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What constitutes a "transaction" or a "series" is to be determined pragmatically considering whether the facts are related in time, space, origin, or motivation, and whether they form a convenient trial unit.

*King*, 117 F.3d at 445 (citing *Lowell Staats Mining Co.*, 878 F.2d at 1274). *See also Petromanagement Corp.*, 835 F.2d at 1335; RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1982). This court finds that this action arose out of the state court action involving the custody and support actions, and the two actions are "related in time, space, origin, or motivation" and they "form a convenient trial unit." *King* at 445. There is no genuine issue as to any material fact, and summary judgment should be granted in favor of Defendants and against Plaintiff as Plaintiff's reasserted claims are barred by *res judicata*.

**B.      Rooker-Feldman *Doctrine***

To the extent Plaintiff asserts new allegations, the court finds the claims are directly related to orders entered by the state court related to parenting time and child support. The

*Rooker-Feldman* doctrine is a jurisdictional prohibition that is based on 28 U.S.C. § 1257, which holds that federal review of state court judgments may be obtained only in the United States Supreme Court. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). *Rooker-Feldman* not only bars consideration of issues that were actually presented to and decided by a state court, but it also bars consideration of constitutional claims that are "inextricably intertwined with" issues that were ruled upon by a state court. *See Feldman*, 460 U.S. at 483–84 n.16. A constitutional claim is inextricably intertwined with issues reached by a state court "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). In short, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse some action or decision by a state court, or would effectively void its ruling. *Id.*

To determine whether claims are inextricably intertwined, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996); *see also Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 707 (10th Cir. 2004) (holding that courts should ask "'whether the state court judgment caused, actually and proximately, the injury for which [the party] seeks redress'") (quoting *Kenman Engineering v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002)). Plaintiff's allegations fall squarely within the scope of the *Rooker-Feldman* doctrine and, therefore, preclude this court from reviewing them.

While Plaintiff does set forth allegations that his constitutional rights have been violated, ultimately he is seeking to void state court orders. Plaintiff specifically states he is "reasserting his claims" because "the original court order that made all [the defendants'] actions possible, is not valid." (Resp to State's Mot. at 1.) Under *Rooker-Feldman*, the redress for these alleged injuries is through the state court appellate process to the United States Supreme Court. Federal district courts can neither address these injuries nor review the state court proceedings. 28 U.S.C. § 1257.

### C.      Eleventh Amendment Immunity

The Eleventh Amendment bars suits against a state or its agencies, regardless of the relief sought, absent the state's affirmative waiver of its immunity or congressional abrogation of that immunity. *Pennhurst v. Halderman*, 465 U.S. 89, 98–99 (1984). The Eleventh Amendment also bars federal suits, whether seeking damages or injunctive relief, against state officials where the state is the real party in interest. *Pennhurst*, 465 U.S. at 101–02. Accordingly, Plaintiff's claims against the State Defendants are barred by the Eleventh Amendment.

### D.      Absolute Immunity on Plaintiff's § 1983 Claims

The Supreme Court has recognized the defense of absolute immunity from civil rights suits in several well-established contexts involving the judicial process. A judge acting in his judicial capacity is absolutely immune from such suits, unless the judge acts clearly without any colorable claim of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). "Absolute immunity is . . . necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." *Butz v. Economou*, 438 U.S. 478, 512

16

(1978). A judge must be free to make decisions, often controversial, without concern about possible personal repercussions. *Stump*, 435 U.S. at 363-64. Although Plaintiff asserts Defendant Vigna acted absent proper jurisdiction, the state appellate courts have repeatedly rejected this claim. Accordingly, Defendant Vigna is entitled to absolute immunity from Plaintiff's civil rights claims.

### E.   Statute of Limitations

Finally, the State Defendants argue that Plaintiff's claims are barred by the statute of limitations. Plaintiff does not dispute that Colo. Rev. Stat. § 13-80-102 requires actions against public or governmental entities or employees to be commenced within two years of accrual. Plaintiff's Complaint alleges violations of his constitutional rights occurring in November 2006 (*see* Compl. at 3), in 2000 (*see id.* at 4, ¶ E), and in 2004 (*see id.*, ¶ F; at 6). Therefore, Plaintiff's action accrued, at the latest, in November 2006. His Complaint was filed on January 20, 2009, and is, therefore, barred by the statute of limitations.

### 2.   Defendant Glover's Motion for Summary Judgment

Defendant Glover in an attorney who was appointed by the District Court for Pueblo County, Colorado, as the guardian *ad litem* for Plaintiff's minor child on November 2, 2006. (Aff. of Douglas Glover in Supp. of Summ. J., ¶¶ 1–2 [Doc. No. 13, filed March 10, 2009] [hereinafter "Glover Aff."].) Plaintiff asserts claims against Defendant Glover arising from his role as guardian *ad litem* for the minor child. (Compl. at 3.)

### A.  Absolute Quasi-Judicial Immunity

Defendant Glover argues he is entitled to absolute quasi-judicial immunity on Plaintiff's state tort claims.  (Glover's Mot. at 3–6.)  Immunity from suit attaches to the actions of quasi-judicial officers acting within the scope of their authority.  *Higgs v. District Court*, 713 P.2d 840, 850–51 (Colo. 1985).  The court's inquiry begins with a functional analysis of the guardian *ad litem*.  *See State v. Mason*, 724 P.2d 1289, 1291 (Colo. 1986).  Under Colo. Rev. Stat. §§ 14-10-116, 19-10-113(3) and Colo. R. Civ. P. 17(c), a court may appoint a guardian *ad litem* to represent the interests of a minor child.  Defendant's function as guardian ad litem was to "determine and recommend those available alternatives which are in the best interests of the child."  *See In re Marriage of Barnthouse*, 765 P.2d 610, 612 (Colo. App. 1988).  As such, Defendant Glover was acting as an "agent of the court."  *See Miller v. Clark*, 356 P.2d 965, 966 (1960).

"[A] guardian *ad litem* 'must render impartial decisions in cases that excite strong feelings,' and if without immunity, 'face the risk of unfounded suits by those disappointed by their decisions . . . .'" *Short by Oosterhous v. Short*, 730 F. Supp. 1037, 1038–39 (D. Colo. 1990) (quoting *State v. Mason*, 724 P.2d 1289, 1291 (Colo. 1986)).  Immunity attaches only to conduct within the scope of a guardian ad litem's duties.  *Short* at 1039.  "[A] court appointed guardian ad litem in service of the public interest in the welfare of children is squarely within the judicial process."  *Id.* (quoting *Myers*, 810 F.2d at 1467).  Thus, a court appointed guardian ad litem is entitled to absolute quasi-judicial immunity, *see id.*, and summary judgment is properly granted in favor of Defendant Glover on Plaintiff's state tort claims.

18

**B.**      ***Immunity on § 1983 Claims***

Defendant Glover also argues that he is immune from Plaintiff's civil rights claims.  A guardian ad litem "is a fiduciary that must act in the minor's best interest.  In this respect, a guardian ad litem assumes no 'obligation to the mission of the state,' but owes his or her undivided loyalty to the minor, not the state."  *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir. 1986) (quoting *Polk County v. Dodson*, 454 U.S. 312, 320 (1981)).  Accordingly, the Tenth Circuit has held "that a guardian ad litem is not acting under color of state law for purposes of § 1983."  *Id.*

In order to state claims under § 1983, Plaintiff must establish that his constitutional rights were violated and that the alleged violation occurred under color of state law.  *See* 42 U.S.C. § 1983; *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).  Defendant Glover states that after an investigation, he "formed the opinion that Mr. Wideman constituted a physical and emotional danger to the child."  (Glover Aff., ¶ 3.)  Defendant Glover also avers that he did not participate in any activity with respect to the minor child that was outside his role as guardian *ad litem*.  (*Id.*, ¶ 2.)  All of Plaintiff's allegations against Defendant Glover describe actions undertaken in his duties as a guardian *ad litem*.  As such, those actions were not undertaken under color of state law for purposes of § 1983.  *See Meeker*, 782 F.2d at 155.  Therefore, Defendant Glover is entitled to summary judgment on Plaintiff's § 1983 claims.

19

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that

1.      The State of Colorado and Judge Roslin Vigna's "Motion for Summary

Judgment" (Doc. No. 18) and "Defendant Glover's Motion for Summary Judgment" (Doc. No.

11) be GRANTED, and that the case be dismissed in its entirety; and

2.      Costs be awarded to Defendants pursuant to 28 U.S.C. 1920 and

D.C.COLO.LCivR 54.1.

### ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and

file written objections to the Magistrate Judge's proposed findings and recommendations with

the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

6district court or for appellate review."  *United States v. One Parcel of Real Property Known As

2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 10th day of September, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge