**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-00095-CMA-KMT

EUGENE WIDEMAN,

    Plaintiff,

v.

STATE OF COLORADO;
ROSLIN VIGNA; and
DOUGLAS GLOVER,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING SEPTEMBER 10, 2009
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

    This matter is before the Court on Defendants Roslin Vigna and the State of Colorado's Motion for Summary Judgment (Doc. # 18), Defendant Douglas Glover's Motion for Summary Judgment (Doc. # 11), Plaintiff Eugene Wideman's Motion for Preliminary Injunction (Doc. # 26), and Plaintiff Eugene Wideman's (second) Motion for a Rule 65 Injunction (Doc. # 36). The Summary Judgment Motions were referred to Magistrate Judge Kathleen M. Tafoya for a Recommendation by Orders of Reference dated March 11, 2009 (Doc. # 15) and April 6, 2009 (Doc. # 20), respectively. The Motion for Preliminary Injunction was referred to Magistrate Judge Tafoya by Order of Reference dated April 10, 2009 (Doc. # 27). On April 15, 2009, Magistrate Judge Tafoya issued a Recommendation that the Motion for Preliminary Injunction be denied. (Doc. #28 at 3). Plaintiff filed his Objections on April 30, 2009 (Doc. # 31).

On September 10, 2009, Magistrate Judge Tafoya issued a Recommendation that Defendants' Motions' for Summary Judgment be granted. (Doc. # 34 at 20). Plaintiff filed his Objections on September 24, 2009. (Doc. # 35).

## I.  BACKGROUND

The factual and procedural background is set out at length in the Magistrate Judge's Recommendation, which the Court incorporates herein. See 28 U.S.C. 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Essentially, this case originated on the *pro se* complaint of Plaintiff, alleging civil rights violations actionable under 42 U.S.C. § 1983 and malicious prosecution actionable under state law. The allegations relate to the care and custody of a child, whom Plaintiff alternately claims is and is not his child. Defendant Roslin Vigna is the state court judge that presided over the paternity proceeding and Defendant Douglas Glover was the court-appointed guardian *ad litem* in the state court paternity action.

## II.  STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is properly made if it is both timely and specific. *U.S. v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). An objection is timely if made within 10 days after

the magistrate judge issues her recommendation[1]. *Id.* An objection is sufficiently specific if it "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *See id.* (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). If objections are not made or if made improperly, the Court has discretion to review the recommendation under whatever standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In considering the magistrate judge's recommendation in the instant case, the Court is mindful of Plaintiff's *pro se* status, and accordingly, reads his pleadings and filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of

---

[1] At the time the Magistrate Judge made her Recommendation, this was the rule. Note, however, that the rules have since changed. *See* Fed. R. Civ. P. 72(a).

this Court.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

### III.  ANALYSIS

As stated above, a party's objections to a magistrate judge's disposition of an issue must be both timely and specific.  Fed. R. Civ. P. 72.  Plaintiff's objections were filed September 24, 2009, which was fourteen days after the Magistrate Judge's Recommendation.  The Plaintiff, however, is entitled to three extra days because of the method of service and weekends are not included in the calculation[2].  *See* Fed. R. Civ. P. 6 (a) and (b) (updated December 1, 2009).  Therefore, the Objections were timely filed.  It is Plaintiff's failure to comply with the second part of that formula, however, which undermines meaningful review.  Though considered timely, Plaintiff's objections were not sufficiently specific to mandate a *de novo* review by this Court.

Plaintiff does not raise new legally or factually significant issues in his Objection. All significant issues were previously briefed by the parties.  Plaintiff asserts the same arguments that he presented in opposition to Defendants' Motions' for Summary Judgment.  In pertinent part, Plaintiff attempts to relitigate the state court case in federal court under the guise of a civil rights claim.

Nonetheless, in the interest of justice, the Court has carefully reviewed the file in this matter, including Plaintiff's Complaint (Doc. # 1), the Report and Recommendation (Doc. # 34), Plaintiff's Objections to the Report and Recommendation (Doc. # 35), both

---

[2]  Note, however, that the Rules have changed.  *See* Fed. R. Civ. P. 6(a).

4

Motions for Summary Judgment (Doc. ## 11 and 18), Plaintiff's Responses to the Motions for Summary Judgment (Doc. # 17 and 29), and Defendants' Replies to Plaintiff's Responses (Doc. # 22 and 30).  The Court finds Plaintiff's objections are without merit.  The Court is satisfied that the Recommendations of the Magistrate Judge are correct and that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72.  Therefore, the Court hereby ADOPTS the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

### IV.  CONCLUSION

For the foregoing reasons, the State of Colorado and Judge Roslin Vigna's Motion for Summary Judgment (Doc. # 18) and Douglas Glover's Motion for Summary Judgment (Doc. # 11) are GRANTED.  Plaintiff's Motions for Preliminary Injunction (Doc. ## 26 and 36) are DENIED AS MOOT.  Accordingly, this case is DISMISSED WITH PREJUDICE.  Costs are awarded to Defendants pursuant to 28 U.S.C. § 1920 and D.C.COLO.LCivR 54.1.

DATED:  February __24__, 2010

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge