IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-00095-CMA-KMT

EUGENE WIDEMAN,

    Plaintiff,

v.

STATE OF COLORADO,
ROSLIN VIGNA, and
DOUGLAS GLOVER,

    Defendants.

---

**ORDER DENYING "RULE 52(B) MOTION FOR AMENDMENT"
AND "REQUEST FOR REHEARING"**

---

This matter is before the Court on Plaintiff Eugene Wideman's Rule 52(b) Motion for Amendment (Doc. # 39) and Request for Rehearing (Doc. # 40) in connection with the Court's February 24, 2010 Order granting Defendants' Motions for Summary Judgment and dismissing the case (the "February 24, 2010 Order"). (Order, Doc. # 37; Recommendation, Doc. # 34). For the reasons discussed below, Plaintiff's Motion for Amendment and Request for Rehearing are denied.

## I. BACKGROUND

On February 24, 2010, the Court issued an Order Adopting and Affirming a September 10, 2009 Recommendation of United States Magistrate Judge Kathleen M. Tafoya, which resulted in the dismissal of this case, with prejudice. The underlying

Recommendation addressed the following motions: (1) Defendant Douglas Glover's Motion for Summary Judgment (Doc. # 11), (2) Defendants Roslin Vigna and the State of Colorado's Motion for Summary Judgment (Doc. # 18), (3) Plaintiff Eugene Wideman's Motion for Preliminary Injunction (Doc. # 26), and (4) Plaintiff's (second) Motion for a Rule 65 Injunction (Doc. # 36). Upon receipt of Plaintiff's timely-filed objections, the Court carefully reviewed the entire file despite the fact that "Plaintiff's objections were not sufficiently specific to mandate a *de novo* review". (Doc. # 37 at 4.) Further, the Court noted that Plaintiff's objections contained the same arguments that he presented in opposition to Defendants' Motions for Summary Judgment and that the instant action is Plaintiff's attempt to relitigate the state court case in federal court under the guise of a civil rights claim. (*Id.*) After a full review of the matter, the Court adopted the Report and Recommendation of the Magistrate Judge and granted Defendants' Motions for Summary Judgment and denied Plaintiff's Motions for Preliminary Injunction. (*Id.* at 5.)

## II. LEGAL STANDARD

Plaintiff filed the instant Motion for Amendment under Fed.R.Civ.P. 52(b), which provides: "the court may amend its findings [and conclusions of law] – or make additional findings – and may amend the judgment accordingly" upon a party's motion filed no later than 28 days after entry of judgment. "The primary purpose of Rule 52(b) is to enable the appellate court to obtain a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and judgment entered

thereon. A motion made pursuant to Rule 52(b) will only be granted when the moving party can show either manifest errors of law or fact, or newly discovered evidence; **it is not an opportunity for parties to relitigate old issues** or to advance new theories." *Penncro Assocs. v. Sprint Spectrum L.P. d/b/a Sprint PCS*, No. 04-2549, 2006 WL 1999121, at *2 (D. Kan. July 17, 2006) (internal citations omitted) (emphasis added); *see also Lyons v. Jefferson Bank & Trust*, 793 F. Supp. 989, 991 (D. Colo. 1992), *aff'd in part*, *rev'd in part on other grounds*, 994 F.2d 716 (10th Cir. 1993) ("To do otherwise would defeat the compelling interest in the finality of litigation"). "The party who moves to amend the findings bears the burden of showing that a harmful error has been made. This burden is especially heavy when the court is asked to reconsider its decision. The party requesting the change must demonstrate some reason why the court should alter its decision and also must set forth facts or law of a strongly convincing nature." 9 MOORE'S FEDERAL PRACTICE, § 52.60[4][a] at 52-132, 133 (Matthew Bender 3d ed.).

In the instant case, Rule 52(b) is inapplicable. "Rule 52(b) applies to findings of fact and conclusions of law entered after a non-jury trial, and this rule is inapplicable to judgments entered under Fed.R.Civ.P. 56," as in the instant case. *Fisher v. Southwestern Bell Tel. Co.*, No. 07-cv-0433, 2009 WL 1545836, at *2 (N.D. Okla. June 1, 2009), *aff'd*, No. 09-5046, 2010 WL 257305 (10th Cir. Jan. 25, 2010); *see also Orem v. Rephann*, 523 F.3d 442, 451 n.2 (4th Cir. 2008) (Shedd J., concurring) ("Rule 52(b) is a trial rule that is not applicable in a summary judgment proceeding; however, a motion erroneously filed under Rule 52(b) may be treated as a Rule 59(e) motion to alter or

amend."); *Silva v. Potter*, No. 804CV2542T17EAJ, 2006 WL 3219232, at *2 (M.D. Fla. Nov. 6, 2006) ("a Rule 52(b) motion to amend judgment is improper where the district court enters an order on a motion for summary judgment because the findings of fact on a summary judgment motion 'are not findings of fact in the strict sense that the trial court has weighed evidence and resolved disputed factual issues.'").

The applicable considerations do not change, even if Plaintiff had correctly filed his Motion under Fed. R. Civ. P. 59(e). A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Plaintiff's Motion under Rule 59(e) because it was filed within twenty-eight days after the Judgment was entered on February 25, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion). The three major grounds that justify reconsideration or an amendment are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

### III. PLAINTIFF'S RULE 52(B) MOTION FOR AMENDMENT AND REQUEST FOR REHEARING

Upon review of Plaintiff's Rule 52(b) Motion for Amendment (Doc. # 39), the Court finds that Plaintiff's Motion is yet another attempt to relitigate old issues and revisit issues already addressed; Plaintiff raises the same arguments that he raised in opposition to Defendants' Motions for Summary Judgment. Neither Rules 52(b) nor 59(e) contemplate a rehashing of old issues. Further, as discussed, Rule 52(b) is inapplicable to the Court's February 24, 2010 Order and the underlying Recommendation (Doc. # 34).

Accordingly, IT IS ORDERED THAT Plaintiff's Rule 52(b) Motion for Amendment (Doc. # 39) is DENIED and Plaintiff's Request for a Rehearing (Doc. # 40) is DENIED AS MOOT.

DATED: March __04__, 2010

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge